**Phillip Douglas JACOBS, Petitioner,**

v.

**Ted ENGLE, Supt., Respondent.**

**No. C–3–80–172.**

United States District Court,
S. D. Ohio, W. D.

Sept. 14, 1981.

Phillip Douglas Jacobs, pro se.

Randall G. Burnworth, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## OPINION DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS ON FIVE OF SIX GROUNDS; RESPONDENT DIRECTED TO EXPAND RECORD ON REMAINING GROUND CONCERNING CLOSING ARGUMENT AT TRIAL

RICE, District Judge.

In the captioned cause, Petitioner, Phillip D. Jacobs, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on the ground that he was denied effective assistance of counsel at his criminal trial for first degree murder.

Petitioner was indicted for first degree murder in violation of former Ohio Rev. Code Ann. § 2901.01, on October 6, 1971, in connection with the shooting death of one Marvin Wehrley, at a Mobil Service Station near Eaton, Ohio, on September 21, 1971. In open court, on February 23, 1972, petitioner signed a Waiver of Trial by Jury. (See, doc. # 8, Exhibit B). Thereafter, petitioner was tried by a three-judge panel, which sustained his motion to dismiss the charge of first degree murder, and convicted him of second degree murder. The panel sentenced petitioner to life imprisonment, and he is presently serving that sentence at the Chillicothe Correctional Institute.

Petitioner timely filed a direct appeal of his conviction. The Second District Court of Appeals affirmed his conviction on May 10, 1972, and the Ohio Supreme Court denied leave to appeal on May 1, 1974. *State v. Jacobs*, No. 185–72.

In October, 1977, petitioner filed a petition for post conviction relief pursuant to Ohio Rev.Code Ann. § 2953.21. The trial court dismissed said petition without a hearing on December 1, 1977. The Second District Court of Appeals reversed and remanded for further proceedings. *State v. Jacobs*, No. 251. An evidentiary hearing was conducted by the trial court on December 19, 1978, after which said petition was again dismissed.

Thereafter, petitioner appealed the dismissal on the grounds that he had been denied effective assistance of counsel at his criminal trial and that the trial court had failed to file Findings of Fact and Conclusions of Law. The decision of the trial court was affirmed. *State v. Jacobs*, No. 269 (2d Dist.Ct.App.1979). Petitioner pressed his claim of ineffective assistance of counsel to the Ohio Supreme Court. His appeal was dismissed for want of a substantial constitutional claim. *State v. Jacobs*, No. 79–1557 (1980).

Having apparently exhausted all available state remedies, petitioner commenced the instant action, seeking habeas corpus relief. He asserts that he was denied effective assistance of counsel at his criminal trial, in violation of the Sixth and Fourteenth Amendments. Petitioner advances six grounds in support thereof, to wit:

1. inadequate legal research in order to prepare a proper defense;

2. failure to confer adequately with petitioner prior to trial;

3. failure to investigate adequately the state's case prior to trial (inadequate discovery);

4. failure to give closing argument; trial court's failure to afford counsel an opportunity to give same;

5. failure to file any pre-trial motions, e. g., motion for change of venue; motion to disqualify members of three judge panel;

6. failure to inform petitioner when recommending that he waive his right to a jury trial that the members of the three judge panel had read a report on petitioner from Lima State Hospital, thereby impugning voluntary nature of said waiver.

On July 21, 1980, respondent filed a Return of Writ, in which he denies each and every ground asserted by Petitioner. (doc. # 8). Thereafter, on August 22, 1980, respondent submitted Transcripts and Memoranda of State Court Proceedings, including

a transcript of petitioner's criminal trial, and a transcript of the evidentiary hearing, held in the Preble County Court of Common Pleas on December 19, 1978, in connection with Petitioner's petition for post conviction relief. (doc. # 14).

Upon examination of the materials thus far submitted, and for the reasons stated briefly below, this Court concludes that the petition lacks merit with respect to grounds # 1–3, 5–6, and the petition must be and is, hereby, dismissed with respect thereto. However, with respect to ground # 4, the Court concludes that the record must be expanded before a determination can be made as to whether petitioner is entitled to an evidentiary hearing, limited to this particular matter.

Until 1974, the Sixth Circuit, in evaluating claims of incompetent counsel and deprivations of the Sixth Amendment right to effective assistance of counsel, looked to see whether the instances alleged "rendered the trial 'a farce and a mockery, shocking to the Court.'" *Beasley v. United States*, 491 F.2d 687, 692 (6th Cir. 1974). In *Beasley*, however, the Court explicitly rejected the continued use of this standard, except insofar as it "may be considered a conclusory description of the objective standard we adopt." *Id.* at 696. In its stead, the Court adopted the following, objective standard:

> We hold that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance. It is a violation of this standard for defense counsel to deprive a criminal defendant of a substantial defense by his own ineffectiveness or incompetence. Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations. Defense counsel must investigate all apparently substantial defenses available to the defendant and must assert them in a proper and timely manner.
>
> It is a denial of the right to the effective assistance of counsel for an attorney to advise his client erroneously of a clear point of law if this advice leads to the deprivation of his client's right to a fair trial. Defense strategy and tactics which lawyers of ordinary training and skill in the criminal law would not consider competent deny a criminal defendant the effective assistance of counsel, if some other action would have better protected a defendant and was reasonably foreseeable as such before trial. If, however, action that appears erroneous from hindsight was taken for reasons that would appear sound to a competent criminal attorney, the assistance of counsel has not been constitutionally defective.

*Id.* (numerous citations omitted).

With the above standard in mind, this Court has examined the record in this case, including the trial transcript, the transcript of the post conviction evidentiary hearing, the memoranda filed with respect thereto, and the state courts' decisions, rejecting petitioner's post conviction relief claims. Based thereon, the Court is satisfied that, under the standard set forth in *Beasley*, petitioner was provided with effective representation in his criminal case, and, therefore, suffered no deprivation of his Sixth and Fourteenth Amendment rights. Based on this review, and for the reasons set forth in respondent's Return of Writ, doc. # 8, at 3–4, the Court concludes that grounds # 1–3, 5–6 of the petition are without merit, and the petition is, therefore, dismissed with respect thereto.

However, on the basis of the present record, this Court is unable to make a determination with respect to ground # 4, regarding closing argument. Petitioner makes reference to the affidavits of Everett Fahrenholz, prosecutor at the criminal trial, and Earl Dixon, court reporter at the trial, which were apparently submitted by the state to the Preble County Court of Common Pleas, subsequent to the evidentiary hearing, conducted in connection with the petition for post conviction relief. Petitioner moved to strike these affidavits on the ground that they were improperly received after the close of the evidentiary hearing,

but the decision of the Court of Common Pleas, making reference to the affidavits, indicates that said motion was overruled, and that the affidavits were considered. The Court has checked and double checked the record in the instant case, and has been unable to locate certified copies of said affidavits. Moreover, the Court also notes that the subject of the closing argument at petitioner's criminal trial was broached only by counsel at petitioner's evidentiary hearing. Neither petitioner, himself, nor his counsel at the criminal trial gave any testimony on this matter in the course of that hearing. Further, petitioner filed no counteraffidavit, and does not, in the instant action, specifically deny that a closing argument was given or waived.

Because the Supreme Court has held that an absolute denial by the trial court of an opportunity to give a closing summation in a non-jury trial, is a denial of a defendant's right to assistance of counsel, *Herring v. New York*, 422 U.S. 853, 863, 865, 95 S.Ct. 2550, 2555, 2556, 45 L.Ed.2d 593 (1975), and because this is, apparently, as petitioner asserts, a per se rule, this Court believes that this ground of the petition cannot, on the present record, be said to be utterly devoid of merit. It appears to the Court that petitioner's entitlement to an evidentiary hearing, and to the requested writ *may* be expeditiously resolved upon examination of the affidavits. Therefore, the Court directs respondent, pursuant to 28 U.S.C. § 2254, Rule 7(a) and (d), to expand the record herein by submission of authenticated copies of the affidavits of Fahrenholz and Dixon or by submission of other material relevant to the matter of the closing argument at petitioner's criminal trial. Such submission must be filed within 21 days from date of receipt of notice of this Decision. Pursuant to 28 U.S.C. § 2254, Rule 7(c), petitioner will thereafter be afforded the opportunity within 21 days after receipt of respondent's submission to admit or deny the correctness of, or otherwise respond to the document(s) which respondent submits. Upon receipt and consideration of said submission(s) and the petitioner's responses, the Court will determine what, if any, further action should be taken on petitioner's remaining ground for relief.

The within Opinion is not in the form of a Judgment Entry. A Judgment Entry with respect to the five grounds on which the petition is to be dismissed will be filed *after* resolution of the remaining issue.