991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Philip Douglas JACOBS, Petitioner-Appellant,
v.
Ted ENGLE, Respondent-Appellee.
 No. 92-3522.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Philip Douglas Jacobs, an Ohio state prisoner proceeding without benefit of counsel, appeals from the order of the district court denying his Fed.R.Civ.P. 60(b) motion to reopen a habeas corpus action filed pursuant to 28 U.S.C. § 2254. He also moves for in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1972, Jacobs was tried to a three-judge panel and found guilty of second degree murder. The panel sentenced him to life imprisonment. His conviction was affirmed on direct appeal. In 1980, Jacobs sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserted six grounds for relief. The district court dismissed grounds 1-3 and 5-6 in a published opinion, Jacobs v. Engle, 522 F.Supp. 1030 (S.D.Ohio 1981), leaving ground number 4 for resolution. In that ground, Jacobs alleged that he had been denied the right to have a closing argument made on his behalf and that no such argument had been made, thereby depriving him of the effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution.
 
 
 4
 A hearing was conducted and the district court concluded as a matter of fact that the closing argument did occur and on that basis dismissed the ground number 4 of the petition on the merits. No appeal was taken. Final judgment dismissing the petition on the merits was entered December 5, 1983.
 
 
 5
 On December 11, 1991, Jacobs filed a motion seeking relief from the court's order of December 5, 1983, pursuant to Rule 60(b), Federal Rules of Civil Procedure. The matter was submitted to a magistrate judge who noted that the motion was untimely, because a motion brought under Rule 60(b)(2) must be brought within one year after judgment. Jacobs waited eight years. Secondly, the magistrate judge concluded that the overwhelming weight of the evidence supported the conclusion reached by the court. He recommended that Jacob's Rule 60(b) motion be denied on the merits. The district court denied Jacob's request to reopen judgment. The district court also denied Jacob's motion for reconsideration.
 
 
 6
 Upon review, we find no error. The district court resolved the factual issue of Jacob's closing argument over eight years ago, and nothing contained in the Rule 60(b) motion offers "newly discovered evidence" of a type that would lead a reviewing court to become firmly convinced that a mistake has been made. See Chilson v. Metropolitan Transit Authority, 796 F.2d 69, 70 (5th Cir.1986) (distinction between "new" and "newly discovered" evidence discussed).
 
 
 7
 Accordingly, Jacob's motion for in forma pauperis status is granted, and the order of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation