

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00241-CV

_____

SOUTH PLAINS LAMESA RAILROAD, LTD.
AND LARRY DALE WISENER, APPELLANTS

V.

KITTEN FAMILY LIVING TRUST, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2005-529,345; Honorable William Sowder, Presiding

March 3, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, South Plains Lamesa Railroad, Ltd. and Larry Dale Wisener (collectively "SPLR"), appeal from a property dispute decided in favor of Appellee, Kitten Family Living Trust (hereinafter the "Trust"), following a jury trial. In support, SPLR asserts (1) the evidence is legally and factually insufficient to support the jury's finding that the parties reached an agreement for the Trust to perpetually operate multiple wells

on the disputed property at the same time, (2) the judgment impermissibly expands the Trust's rights beyond the scope of the agreement of the parties, (3) the Trust's failure to produce a prior survey of the disputed property warrants a new trial, (4) the trial court erred when it failed to submit SPLR's affirmative defenses to the jury, and (5) the trial court abused its discretion when it awarded attorney's fees to the Trust that included fees from two prior appeals and the first trial. The Trust filed a cross-appeal asserting the trial court erred by awarding SPLR attorney's fees that were neither just nor equitable. Finding SPLR's third issue to be dispositive of this appeal, we reverse the trial court's judgment and remand for a new trial.

BACKGROUND

The controversy in this case has a long and contorted legal history, including the appeal of a related matter, a summary judgment, two jury trials, two prior appeals of this dispute, and the instant appeal. As such, we do not see the need to restate the history of this litigation or render a detailed factual background but simply refer to our prior opinions. *See South Plains Lamesa Railroad, Ltd. and Kitten Family Living Trust v. High Plains Underground Water Conservation District No. 1,* 52 S.W.3d 770 (Tex. App.—Amarillo 2001, no pet.) (reversing water conservation district's revocation of water permit in favor of the Trust and denial of water permit in favor of SPLR, and rendering judgment in favor of SPLR and the Trust); *South Plains Lamesa Railroad, Ltd. and Larry Dale Wisener v. The Kitten Family Trust and Jerry Kitten,* No. 07-06-0209-CV, 2008 Tex. App. LEXIS 603 (Tex. App.—Amarillo Jan. 28, 2008, pet. denied) (mem. op.) (reversing summary judgment in favor of the Trust and finding easement agreement and lease agreement should be construed together); *South Plains Lamesa Railroad, Ltd.*

2

*and Larry Dale Wisener v. The Kitten Family Living Trust,* No. 07-09-0343-CV, 2011 Tex. App. LEXIS 7300 (Tex. App.—Amarillo Sept. 6, 2011, no pet.) (mem. op.) (reversing judgment in favor of the Trust following the first jury trial based on charge error). Due to the extensive history that has been previously set out, in this opinion we will confine our discussion to pleadings, facts, and proceedings pertinent to our consideration of SPLR's third issue.

In September 2012, after remand following the second appeal,[1] the Trust filed its *Third Amended Original Petition* alleging its wells were "on such tract of land and under such easement . . . ." The next month the Trust filed its *Brief . . . In Support of Its First Amended Special Exception to [SPLR's] Counterclaim . . . Alleging Trespass.* By that brief, the Trust alleged that "the case at bar clearly does not involve any issue of trespass and as a matter of law there is no basis for any claim by [SPLR] against [the Trust] under the theory of trespass." In response, SPLR reiterated its claim, sounding in trespass, that the Trust had no right to drill or pump water from wells on property belonging to SPLR, not covered by their agreement.

In December 12, 2012, a second jury trial was held. After the parties presented their evidence, the Trust objected to the submission of SPLR's action for trespass and claim for related damages arguing, in part, the cause of action was unsupported by the evidence at trial. Although that objection was overruled and the issues were eventually submitted, the jury never answered the questions because they were conditionally

---

[1] In our last memorandum opinion, we reversed the previous judgment based on a faulty jury instruction and the omission of a necessary instruction, together with the improper admission of irrelevant evidence. *See* 2011 Tex. App. LEXIS 7300, at *25-27, *31-33.

3

submitted.[2]  On April 23, 2013, based upon the verdict of the jury, the trial court entered a judgment that denied SPLR any relief on its claim of trespass.

In May 2013, SPLR filed an *Amended and Supplemental Motion for New Trial* alleging the Trust failed to supplement its discovery responses to reveal a survey that would have shown that "all or a part of THE KITTEN TRUST'S wells and supporting structures [were] outside of the ten-foot easement*."* Specifically, Wisener testified by affidavit that, following the most recent trial, he contacted Brent Carroll of Hugo Reed and Associates to request the preparation of a survey of SPLR's property, including the location of the disputed water wells and supporting structures.  At that time, Carroll advised Wisener that such a survey had been performed *three years earlier*, in June 2009, at the request of the Trust.  James Gorsuch, SPLR's attorney, testified by affidavit that the Trust never produced the 2009 survey by Hugo Reed and Associates in any original or supplemental response to SPLR's *Requests for Production*.[3]  Both Wisener and Gorsuch further stated in their affidavits they had no knowledge of the 2009 survey until February or early March 2013, when they were made aware of the survey by Carroll.  Because the survey showed water wells and pipelines were constructed

---

[2] The two jury questions not answered were: (1) "Did *The Kitten Family Living Trust* trespass upon the property of *South Plains Lamesa Railroad?"* and (2) "What sum of money, if any, if now paid in cash, would fairly and reasonably compensate *South Plains Lamesa Railroad* for its damages, if any, that resulted from the trespass?"  The questions were conditionally submitted based on the potentially false assumption that the wells in question were actually located on the property described in the easement and lease agreements.

[3] Among other requests, *Request for Production No. 5* sought "True and correct copies of all correspondence, communications, letters, notes or oral communications, emails, facsimiles, and all other documents or writings sent to or received from or exchanged by and between you, your officers, employees, agents or representatives, and any person or entity, relating to the tract of land in question situated in the southeast corner of Section 23, Block 24, HE & WT Ry. Company Survey, Lubbock, Lubbock County, Texas."  *Request for Production No. 24* sought "True and correct copies of each and every drawing, sketch, motion picture, videotape or other graphic illustration of the tract of land in question in the Southeast corner of Section 23, Block 24, HE & WT Ry. Company Survey, Lubbock, Lubbock County, Texas, concerning the laying of the underground waterline."

outside the easement described in the parties' agreements,[4] SPLR moved for a new trial asserting the survey was newly discovered evidence that would have changed the jury's verdict with respect to SPLR's claim of trespass. The trial court denied SPLR's motion and issued its judgment. This appeal followed.

## NEWLY DISCOVERED EVIDENCE

Under Rule 320 of the Texas Rules of Civil Procedure, a trial court may grant a new trial for "good cause" or "in the interest of justice." *In re Columbia Medical Ctr. of Las Colinas, L.P.,* 290 S.W.3d 204, 210, 213 (Tex. 2009) (orig. proceeding); *In re City of Houston*, 418 S.W.3d 388, 393 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Whether to grant a new trial based on newly discovered evidence is a matter within the discretion of the trial court. *Neyland v. Raymond*, 324 S.W.3d 646, 652 (Tex. App.—Fort Worth 2010, no pet.) (citing *Jackson v. Van Winkle,* 660 S.W.2d 807, 809 (Tex. 1983), *overruled in part on other grounds by Moritz v. Preiss,* 121 S.W.3d 715 (Tex. 2003)). As such, we review the decision to grant or deny a motion for new trial under an abuse of discretion standard. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex. 1994). That said, a trial court's discretion is not limitless. *In re Columbia Medical Ctr. of Las Colinas, L.P.,* 290 S.W.3d at 210.

---

[4] In its judgment, at page 5, the trial court attempts to state the legal description of the "Water Well and Pipeline Easement" in question. That description does not, however, describe the property with sufficient certainty to fix its location on the ground. The description in the judgment describes a tract that "is a width of 10' . . . [running] parallel to the existing railroad tracks . . . ." It does not, however, describe the distance from the centerline of the easement to the centerline of the railroad tracks. While we know from the easement agreement that "wells may be drilled anywhere along the easement at a point *no less than 25 feet* West of the center of the existing railroad tracks," we do not know if the centerline of the disputed property is thirty feet from the centerline of the railroad tracks (the minimum distance given the twenty-five foot restriction) or forty-five feet from the centerline of the railroad tracks (the maximum distance given the fact that SPLR's property extends fifty feet West of the center of the existing railroad tracks).

Although a trial court's decision to grant or deny a new trial on the basis of newly discovered evidence should be accorded great deference and appellate courts should be reluctant to interfere with the exercise of that discretion, "there are cases where the established rules of law and the principles of adjudged cases would be disregarded if a party was denied a new trial upon newly discovered evidence." *Terbay v. Pat Canion Excavating Co.,* 396 S.W.2d 482, 490 (Tex. Civ. App.—Austin 1965, writ ref'd n.r.e.) (quoting *Mitchell v. Bass,* 26 Tex. 372 (1862)). In that same opinion, the court further quoted *Mitchell* as follows:

> *The party who brings himself within the principles of [cases granting new trials on the basis of newly discovered evidence] is entitled to a new trial as a matter of right, unless it be in those cases where it is apparent to the court that the justice of the case has been attained.* Where there can be any doubt of the justice of the verdict, to refuse a new trial, when the party has discovered new evidence of a conclusive tendency, would be against justice and precedent; and by new evidence is meant proof of some new and material fact in the case, which has come to light since the trial.

*Id.* (emphasis in original). Accordingly, a party seeking a new trial on the ground of newly discovered evidence must show that (1) the evidence has come to light after trial, (2) it was not owing to want of due diligence that the evidence did not come to light sooner, (3) the new evidence is not cumulative, and (4) the evidence is so material that it would likely produce a different result if a new trial were granted. *Van Winkle,* 660 S.W.2d at 809.

Here, the first requirement is met because there is no dispute that the 2009 survey did not come to SPLR's attention until after trial. As to the second requirement, due diligence, the Trust asserts SPLR did not exercise diligence because the same

6

diligence used to procure the survey after trial would have had the same result if exercised prior thereto. The cases supporting this rule are inapposite because they presume the "newly discovered evidence" was available to all parties before trial. *See Terbay,* 396 S.W.2d at 491. Such was not the case here where the survey was *only* available to the Trust, and despite SPLR's pretrial efforts to discover the document, it was not produced until the Trust was confronted with evidence it had contracted for and obtained the survey before trial. *See Gainway v. Trinity Universal Ins. Co.,* 85 S.W.2d 345, 347 (Tex. Civ. App.—San Antonio 1935, writ ref'd). Furthermore, SPLR's failure to discover the 2009 survey was not owing to any want of due diligence because production of the survey was requested by SPLR in its *Request for Production*, and the Trust, the *only* party with knowledge of the survey, did not timely produce it before trial. *See Terbay,* 396 S.W.2d at 490, 492 (exercising "ordinary diligence" during pretrial investigation is equivalent to a finding that the party seeking a new trial exercised due diligence to discover the information pretrial). To rule otherwise would promote litigation by "hiding-the-ball" from the opposing party and the trial court.

Concerning the third requirement, the 2009 survey is not cumulative, as there is no other document of record showing what it purports to depict, i.e., that all or part of the wells drilled by the Trust and its underground pipelines lie outside the easement granted by SPLR. Finally, we cannot help but comment on the fact that the Trust sought to defeat SPLR's trespass claim at every opportunity by arguing to the court that the claim had no basis in law or in fact, when, if accepted by the fact finder as true, the 2009 survey would have established just the opposite. "[W]hen we consider the nature of the controversy, and of the new evidence, and the very material bearing it may have

7

upon a just decision of the case, we are constrained to conclude that the refusal of the application [for new trial] was the denial of a right to which the [movant] was entitled according to established rules of law governing such applications, and consequently that it must be regarded as error, for which the judgment will be reversed." *See Terbay,* 396 S.W.2d at 490 (again quoting *Mitchell v. Bass,* 26 Tex. 372 (1862)). Based on a review of these factors, we have a serious doubt concerning the justness of the verdict and resulting judgment. Accordingly, SPLR's third issue is sustained and all remaining issues are pretermitted. TEX. R. APP. P. 47.1.[5]

CONCLUSION

The trial court's judgment is reversed and we remand for a new trial.

Patrick A. Pirtle
Justice

---

[5] We recognize that SPLR's legal sufficiency issue, if sustained, would result in the rendition of a judgment against the Trust. *Scott Bader, Inc. v. Sandstone Products, Inc.,* 248 S.W.3d 802, 821 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Having reviewed the record, we have determined that SPLR's legal sufficiency issue would not result in greater relief than that already granted because the jury's fact findings were supported by some evidence. Accordingly, we need not address SPLR's legal sufficiency issue. For the same reasons, we need not address the factual sufficiency issue also raised in issue one as it too would result in no greater relief being granted. *See Bright Now! Dental, Inc. v. Teligistics, Inc.,* No. 09-09-00221-CV, 2010 Tex. App. LEXIS 3656, at *10 (Tex. App.—Beaumont May 13, 2010, no pet.) (mem. op.). Furthermore, we also pretermit the Trust's issue on cross-appeal pertaining to the off-set of SPLR's attorney's fees because that question will need to be addressed in its entirety by the parties or the trial court upon settlement or retrial.