## GANNAWAY et al. v. TRINITY UNIVERSAL INS. CO.

### No. 9571.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1935.

Rehearing Denied Aug. 14, 1935.

Montgomery, Hall & Taylor, of Edinburg, and Polk & Thompson, of Pharr, for appellants.

Eskridge, Groce, Rice & Easterling and Walter Groce, all of San Antonio, Thompson, Knight, Baker & Harris, of Dallas, and Strickland, Ewers & Wilkins, of Mission, for appellee.

MURRAY, Justice.

This suit was instituted in the district court of Hidalgo county, Tex., by Trinity Universal Insurance Company, a corporation, seeking to cancel a policy of windstorm insurance, apparently issued by the Capitol City Underwriters Agency, of Edinburg, Tex., to Mrs. Julia S. Gannaway, on the Bayview Tourist Apartments, situated on block 62, in the city of Port Isabel, Tex.

Mrs. Julia S. Gannaway, joined by her husband, L. A. Gannaway, filed a cross-action seeking to recover damages to said property resulting from a windstorm which occurred on September 4, 1933, which was the same day the policy was delivered. The principal ground upon which cancellation of this policy was sought, and upon which liability under the policy was denied by the Insurance Company, was the fact that the policy was actually executed and delivered by one T. J. Barfield, who was only a clerk and employee of the Capitol City Underwriters Agency, and that Barfield had countersigned said policy by signing the names of Capitol City Underwriters Agency and A. A. Aldrich, without authority to do so.

The Capitol City Underwriters Agency was a copartnership, composed of A. A. Aldrich and John C. Jones, each of whom were authorized to issue and countersign windstorm insurance policies for the insurance company. John C. Jones took practically no active part in the conducting of the affairs of the Capitol City Underwriters Agency, and A. A. Aldrich was the active manager of said agency and, when available, executed and countersigned all the policies of insurance issued by this agency.

Prior to September 4, 1933, Aldrich had left Edinburg and gone to Chicago for the purpose of attending the World's Fair, and had left Barfield in charge of the office of the Capitol City Underwriters Agency, with general authority to run the business of the agency in his absence. On the morning of September 4, 1933, L. A. Gannaway appeared at the office of the Capitol City Underwriters Agency and inquired for Mr. Aldrich. He was informed by Barfield that Aldrich was out of the city. He then asked Barfield to issue him a policy of insurance upon the Bayview Tourist Apartments, which were owned by his wife, Julia S. Gannaway. Whereupon Barfield executed and delivered the policy involved in this suit, signing same in the name of Capitol City Underwriters Agency by A. A. Aldrich.

Upon the trial of the cause Barfield testified that he had authority from Aldrich to sign his name to the policy of insurance, and Aldrich testified, in effect, that he did not have such authority. The trial judge, in submitting the case to the jury, inquired of the jury whether or not T. J. Barfield was expressly authorized by A. A. Aldrich to deliver such policy under the known circumstances surrounding its delivery, to which the jury answered that Barfield did not have such authority.

Based upon this and other findings of the jury, the trial judge rendered judgment canceling the policy of insurance and denying Mrs. Julia S. Gannaway and her husband, L. A. Gannaway, any recovery on the policy, from which judgment the Gannaways have prosecuted this appeal.

A motion for change of venue was made by the Gannaways, based upon the allegation that such prejudice existed against them in Hidalgo county that they would not be able to receive a fair and impartial trial in that county. Evidence was introduced on this motion, and after hearing such evidence the trial judge overruled the motion for a change of venue. In this we find no error. Such motions are addressed largely to the discretion of the trial judge, and, the evidence being conflicting, the trial court did not commit error in overruling the motion.

Among other grounds presented by appellants, upon which they seek a reversal of this judgment, is that of newly discovered evidence. Appellants attached to their motion for new trial an affidavit, duly sworn to by A. A. Aldrich, in which he stated that after refreshing his memory and talking with T. J. Barfield, he now recalls that he did, in effect, authorize Barfield to sign policies of insurance during his absence. It is highly probable that if this admission had been made by Aldrich while on the witness stand the verdict of the jury would have been just the opposite of that rendered by them. Appellee contends that this admission by Aldrich is not such newly discovered evidence as will warrant the granting of a new trial, in that it should have been discovered by appellants at the time of the trial, and that they are unable to show that diligence which the law required with reference to newly discovered evidence. We do not agree with appellee's contention. It is true that where a disinterested witness testifies at a trial it is the duty of the complaining party to show that he used great diligence to find out all that such witness might know, and that the failure to produce the testimony on the trial was not in any way attributable to his lack of diligence. But in this case the admission comes from the agent of appellee, and the appellee being a corporation, and Aldrich being the only natural person who could furnish any information in regard to this matter, and being in effect, so far as this

transaction is concerned, the alter ego of the appellee, such admission made by Aldrich is not governed by the ordinary rules of newly discovered evidence, but is in the nature of an admission against interest made by the successful party after the trial has been concluded. Such admissions so made by the successful party to the litigation are grounds for a new trial, and the trial judge abused his discretion in not granting a new trial in this case. If we were to permit this judgment to stand, we would do so with knowledge of the fact that, in effect, the successful party to the litigation had admitted, since the trial, that his testimony given on the trial was not in fact the truth, and that but for such untrue testimony the judgment would not have been rendered.

In 13 Tex. Jur. p. 109, § 96, it is stated: "An admission of the successful party (made or discovered after verdict) which relates to a material issue and which, if proved, will probably produce a different result, is ground for a new trial." See, also, Houston & T. C. R. Co. v. Forsyth, 49 Tex. 171; Welch v. Nasboe, 8 Tex. 189; Missouri, K. & T. Ry. Co. v. Clark, 35 Civ. App. 189, 79 S. W. 827.

For the reasons above stated, the judgment of the trial court will be reversed and the cause remanded for a new trial.