Leonard L. CHILSON,
Plaintiff-Appellant,

v.

METROPOLITAN TRANSIT AUTHORI-
TY, et al., Defendants-Appellees.

No. 84–2632.

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1986.

David T. Lopez, Houston, Tex., for plain-tiff-appellant.

Mark R. Zeidman, Houston, Tex., for de-fendants-appellees.

Before GEE and WILLIAMS, Circuit Judges, and HINOJOSA,* District Judge.

JERRE S. WILLIAMS, Circuit Judge:

Appellant, Leonard L. Chilson, was discharged from his position as an engineer with the Metropolitan Transit Authority of Houston (MTA). One of Chilson's duties as an MTA employee had involved budgeting and monitoring of contracts. He brought suit asserting that his discharge had been brought about by his criticism of the making and administration of a contract which his employer, MTA, had entered into with a consultant consortium known as Houston Transportation Consultants (HTC). He asserted that his retaliatory discharge was in violation of his free speech rights under the First Amendment as applied to the states by the Fourteenth Amendment.

Upon jury trial, Chilson undertook to prove that the contract which was questioned wasted public funds and adversely affected the interests of MTA. His evidence, however, was insufficient to convince the jury that he had been discharged in retaliation for criticizing the contract. The jury found on special issue that his criticisms had not been the reason for his discharge.

Just three days short of a year later Chilson filed a motion under Fed.R.Civ.P. 60(b)(2) for relief from the judgment. He alleged newly discovered evidence. The claimed newly discovered evidence consisted of an internal audit which MTA had made which disclosed, among other mat-

* District Judge of the Southern District of Texas,　sitting by designation.

ters, that during fiscal years 1981 and 1982, years involved in Chilson's criticism, the MTA overpaid HTC about $2,600,000.

The district court denied the Rule 60(b)(2) motion on the ground that the audit was not "newly discovered evidence" within the meaning of the rule but was "new" evidence. Chilson filed timely appeal.

Fed.R.Civ.P. 60(b) allows the district court to order a new trial if newly discovered evidence is presented. The rule provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

.    .    .    .    .    .

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

We recognize at the outset that the granting of such relief is within the discretion of the district court. *Taylor v. Washington Terminal Co.*, 409 F.2d 145 (D.C. Cir.), *cert. denied*, 396 U.S. 835, 90 S.Ct. 93, 24 L.Ed.2d 85 (1969). And as we said in *Spurlin v. General Motors Corp.*, 528 F.2d 612, 650 (5th Cir.1976), "facts once found by the jury in the context of the civil trial are not to be reweighed and a new trial granted lightly."

The critical and controlling factor in the case, however, is that the district court did not exercise its discretion in deciding not to grant a new trial under Rule 60(b)(2). Instead, the court held that appellant was not eligible for consideration of relief under that rule because he had not presented "newly discovered evidence". The precise issue which is before us, then, is whether the internal audit which revealed a $2,600,-000 overpayment by MTA to HTC was newly discovered evidence entitling appellant to a discretionary consideration on his motion for a new trial.

We hold that the district court erred in finding as a matter of law that the proffered evidence of the internal audit and what it showed was not newly discovered evidence and did not entitle appellant to consideration on the merits of his motion for a new trial.

It is clear under the rule that to be newly discovered evidence the evidence must have been in existence at the time of the trial. *NLRB v. Jacob Decker & Sons*, 569 F.2d 357, 364 (5th Cir.1978). Thus, the issue before us in terms is quite clear. Is the "evidence" proffered by the appellant the internal audit? If so, it came into existence after the trial and he is not entitled to the consideration of his motion for a new trial based upon newly discovered evidence. The district court so held. On the other hand, is the "evidence" proffered the $2,600,000 overpayment which the internal audit revealed? If this is the evidence, it was in existence at the time of the original trial, since the overpayment had already occurred, and it was newly discovered evidence since it consisted of "facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Jacob E. Decker*, 569 F.2d at 364.

It is rather extraordinary that a careful search reveals almost a total absence of judicial decisions concerning this precise issue under the federal rule. The cases which have been decided under Rule 60(b)(2) provide no significant guidance. They are concerned usually with the issue of whether the movant had exercised due diligence in discovering the evidence.

Only two recent cases of federal courts of appeals have been found which cast some light on the precise issue before us. They both come from the Eighth Circuit. *Rosebud Sioux Tribe v. A & P Steel*, 733 F.2d 509 (8th Cir.1984), held that the later admission of perjury by a witness after trial was "newly discovered evidence" under the rule since the perjury existed at the time of the trial although it was revealed only after trial. On the other hand, *Equal Employment Opportunity Commission v. Rath Packing Co.*, 787 F.2d 318 (8th Cir. 1986), involved a motion for new trial by Rath Packing Company after it had been found guilty of gender discrimination in

hiring practices. After the trial Rath developed a self-serving report of its hiring practices purporting to prove that there was a lack of interest on the part of women in applying for the jobs it had available. The Court of Appeals held that this report was not evidence which was in existence at the time of the trial but was formulated afterwards. This was merely an alternative holding to a holding that Rath was not entitled to a new trial because of lack of diligence in developing the evidence at an earlier time.

Neither of these cases give more than indirect guidance to the issue of whether it is the audit or what the audit reveals that is the evidence in the case which is before us. *Rosebud Sioux Tribe* does focus upon whether the evidence was in existence at the time of the trial. On the other hand, Rath Packing emphasizes the self-serving nature of gathering evidence which should have been gathered for trial. But it does give some indication as the alternative holding that the Court considered the evidence proffered to be the report and not its contents. This self-serving report differs substantially from the audit, however, since its very purpose was to create evidence to obtain a new trial.

It is perhaps also surprising that there has been very little litigation on this precise point in the state courts under state rules similar to Rule 60(b)(2). We find useful guidance, however, in the development of the answer to the question of the difference between newly discovered and new evidence which has occurred in the courts of the state in which this case arose, Texas. *City of Mesquite v. Scyene Investment Co.*, 295 S.W.2d 276 (Tex.Civ.App. 1956), *error refused n.r.e.*, involved valuation of water and sewer lines which the city had agreed to buy from a developer. The valuation was based upon the affidavit of a city engineer, and the trial court's judgment was in accordance with that evaluation. After the trial the city engineer issued a revised estimate of value which was substantially different. The court held that this was evidence which entitled the movant, the City, to a new trial. The

analysis of such a holding, of course, is that the valuation of the property had not changed, but new information had come to light which showed that the valuation was different from that which had been brought out by the evidence at the trial. This analysis clearly supports the appellant's contention that there was "newly discovered" evidence in the internal audit.

So also does the holding in *Gannaway v. Trinity Universal Ins. Co.*, 85 S.W.2d 345 (Tex.Civ.App., 1935), *error refused*, support this reasoning. That case involved the critical issue of whether an insurance policy was in effect although it had been signed only by the clerk of an independent insurance agent on the agent's behalf rather than by the insurance agent himself. Upon trial the agent testified unequivocally that he had not given the clerk the authority to sign the policy. After the trial was over, the insurance agent executed an affidavit in which he indicated that he had made a serious mistake and that he now recalled that he had given the clerk the authority to sign the policy. On these facts, the Texas appellate court held it was error for the district court not to grant a new trial.

The reasoning which controls such a case has been well pointed out by the Texas Supreme Court although in a different context. Under then existing Texas administrative law, decisions of the Railroad Commission were reviewed by the court not on the basis of the evidence presented to the administrative body, but on the evidence presented to the court so long as that evidence was in existence at the time the administrative hearing was held, even though the evidence was not presented to the administrative body. In *Pickens v. Texas Railroad Commission*, 387 S.W.2d 35, 48 (Tex., 1965), the Texas Supreme Court reviewed the admissibility upon administrative review in the Texas district court of a geological survey completed after the administrative hearing. The Supreme Court held that the geological survey was admissible because while it was completed and became available after the

administrative hearing, it reported geological facts which "may have existed for a million years". Thus, the facts existed at the time of the administrative hearing, they simply were not yet known until the report revealed them.

We are faced with the need to make the same kind of analysis in this case. The $2,600,000 overpayment was in existence at the time of the trial. It was not known, however, until the internal audit revealed it after the trial was over. While appellant testified that overpayments had occurred, he may have been unable to establish them in detail as the later audit did. Although he could not prove the overpayments at the time of trial, they did exist.

The proper analysis can be tested in this way. Suppose that a party in a lawsuit objects to the introduction in evidence of an audit which showed a serious financial shortage. The objection is on the ground that the evidence is not relevant to the issues in the particular case. Would relevancy be determined on the basis of whether the audit itself was relevant or on the basis of whether the shortage which the audit revealed was relevant? The result obviously would be the latter because it is the shortage that may or may not be evidence relevant to the case, not the fact that it was revealed by an audit.

Then, the next step in the reasoning is that materiality and relevancy are the critical tests under Rule 60(b)(2) because the courts have clearly established the requirement that for a new trial to be granted under the rule there must be a finding that the newly discovered evidence is "material" and a finding that it "would probably produce a different result". *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir.1980). Under this requirement an internal audit as such could never produce a new trial, but the evidence revealed by an internal audit could be the material and relevant evidence which would raise the real possibility of producing a different result at the trial. When the concern is of materiality and relevance, what is critical is the content of the evidence, not the form in which it comes. We conclude, therefore, that the district court was in error in deciding as a matter of law that the $2,600,000 overpayment revealed by the internal audit was not newly discovered evidence.

Normally, of course, the standard for review of a decision denying a new trial under Rule 60(b)(2) is a determination of whether the district court abused its discretion. In this case, however, the district court did not exercise its discretion. Instead, it simply decided as a matter of law that there was no eligibility for the appellant's motion to be given discretionary consideration on the basis of newly discovered evidence. We must reverse the decision of the district court, then, for it to consider as a discretionary matter whether a new trial should be granted on the basis of the evidence revealed by the internal audit that there was an overpayment of $2,600,000.

The district court retains its substantial discretionary power in deciding whether to order a new trial. Only for an abuse of that discretion may we second guess its decision. *See Gary W. v. Louisiana*, 622 F.2d 804, 805 (5th Cir.1980), *cert. denied*, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981). Today's ruling does not relieve appellant of the burden he must bear to obtain relief from judgment; "the movant must show that the evidence was discovered following the trial, that he used due diligence to discover the evidence at the time of the trial, that the evidence is not merely cumulative nor impeaching, that it is material, and that a new trial in which the evidence was introduced would probably produce a different result." *Johnson Waste Materials*, 611 F.2d at 597.

The district court's denial of appellant's motion must be reversed for a consideration of the motion on its merits.

REVERSED and REMANDED.

GEE, Circuit Judge, dissenting:

Fed.R.Civ.P. 60(b) allows a district court to order a new trial if newly-discovered evidence is presented:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

I commence my analysis by distinguishing the facts of a case from the evidence presented. The facts involved are those events or conditions the occurrence or existence of which creates, or relates to, the dispute between the parties. Evidence, on the other hand, is any species of proof offered in court to convince the decisionmaker of certain facts. One does not—cannot—offer "facts" in evidence; it is *evidence* of facts that is offered the court and received by it. Thus in today's case the fact of overpayment will never be tendered in evidence, only the audit that evidences it.

In the context of Rule 60(b), three different combinations of circumstances can be imagined. First, both the facts and the evidence of those facts exist before trial begins.[1] This situation clearly falls within the ambit of Rule 60(b); a party may thus seek relief from judgment if he meets certain other requirements. Second, both facts and evidence come into being only after judgment is rendered. Unquestionably, a party here may not invoke Rule 60(b) under any circumstances, else we might endure never-ending trials. The third situation is presented today: the fact (overpayment to HTC) allegedly occurred before trial, but the tendered evidence of the fact (the audit) came into existence only after judgment. The applicability of Rule 60(b) is most problematic in this last situation.

*N.L.R.B. v. Jacob E. Decker and Sons*, 569 F.2d 357 (5th Cir.1978), is the only Fifth Circuit case that touches on this issue. We there reiterated the idea, often recognized, that "evidence must be in existence at the time of trial...." *Id.* at 364. (citations omitted). We relied particularly on *Prostrollo v. University of South Da-*

*kota*, 63 F.R.D. 9 (D.S.D.1974). The court there stated that "there can be no Rule 60(b)(2) relief for evidence which has come into existence after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials." *Id.* at 11, *quoted in Jacob E. Decker*, 569 F.2d at 364. Careful reading of these cases, however, reveals that this pronouncement is premised on the desire to avoid new litigation based on facts, not evidence, that arise after the original judgment's entry. In *Jacob E. Decker*, for example, we concluded that "(n)ewly discovered evidence under Rule 60(b) refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." 569 F.2d at 364, *quoting Prostrollo*, 63 F.R.D. at 11. We also cited *Washington v. United States*, 214 F.2d 33 (9th Cir.1954), in which the court had ruled that new *facts* cannot justify relitigation; "(t)he policy of law in having an end to litigation, would in most cases prevent the reopening of a case because of after occurring events." *Id.* at 46. These cases, therefore, do not adequately address our situation, that in which the facts concerned predate the trial but the evidence of them comes into being only after judgment. For several reasons, however, I conclude that the same rule should apply in both instances.

First, Rule 60(b) quite clearly says so: its reference is to newly-*discovered* evidence. The distinction between "new" and "newly-discovered" evidence which I have drawn and, perhaps, belabored is not one of great subtlety or abstruseness nor, as such, one unlikely to have occurred to the confectors of the rule. They were at least as capable as I of saying what they meant, and had they wished to admit *new* evidence to the rule's ambit could easily have done so.

Second, the rule requires a showing that the proffered evidence "by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." No degree of diligence can discover evi-

---

**1.** Technically speaking, in view of the reference to Rule 59(b), the critical moment is not the beginning of trial, but rather ten days after the entry of judgment.

dence which is not in being at the required time of search, and such evidence as we treat of today certainly fulfills this requirement of the rule with a vengeance: The fact of overpayment existed and might have been discovered; the audit did not exist and for that reason was undiscoverable. As to such evidence, the clause is such a clumsy circumlocution that it is hard to avoid the conclusion that had the drafters had in mind covering evidence not in existence, they would have simply said so.

Finally, such a construction serves the interests of finality. True, an occasional case such as today's may arise in which new evidence of existing fact comes to light after the time for seeking a new trial expires; but such cases will be exceptional. Repose has its merits, and I cannot say that in choosing language that rules out such evidence as is tendered in today's case the rule-makers act irrationally. I therefore respectfully dissent.