977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BUFORD EVANS & SONS, Plaintiff-Appellee,
v.
Earlene POLYAK, Defendant-Appellant.
 No. 92-5240.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1992.
 
 1
 M.D.Tenn., No. 85-00120; Higgius, D.J.
 
 
 2
 M.D.Tenn.
 
 
 3
 AFFIRMED.
 
 ORDER
 
 4
 This pro se appellant appeals from the district court's order denying her "Motion to Set Aside Order on New Evidence and Schedule Jury Trial" and her "Complaint and Jury Trial Demand." This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 In 1985, Mrs. Polyak sought to remove a state court action in which a real estate appraiser sought compensation from Mrs. Polyak for professional services rendered on Mrs. Polyak's behalf in her original attempt to prevent a partition sale of land she had inherited with her siblings as tenants in common. The district court denied the petition for removal in an order filed on November 26, 1985.
 
 
 6
 The district court remanded the case to the state court because the removal petition did not comply with 28 U.S.C. § 1446, as it was not filed within 30 days, the amount in controversy was less than $10,000, the petition was not verified, the required state court pleadings were not filed, and no bond with surety was filed. Polyak moved to reopen this case by seeking to set aside the district court's 1985 order remanding the case to the Tennessee state court. She claimed that she was unconstitutionally deprived of her rights to the tobacco base allotment running with the land. The district court denied the motion, and Polyak appealed.
 
 
 7
 Upon review, we find no error. The district court remanded this case because it was without jurisdiction under 28 U.S.C. § 1446. No amount of "new" or "newly discovered" evidence concerning the merits can effect a cure. See Chilson v. Metropolitan Transit Authority, 796 F.2d 69 (5th Cir.1986) (distinction between "new" and "newly discovered" evidence discussed). Additionally, Polyak's evidence is not "new" but has been used over and over again by her in an attempt to relitigate the disputed property's partition. Mrs. Polyak's claims are barred by the doctrine of res judicata. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75 (1984). Therefore, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 8
 We take judicial notice of the fifty appeals and original actions filed by Polyak in this court. Polyak continues to file frivolous cases concerning the partition sale and its related litigation. These filings must end. We order that Polyak show cause in writing not later than thirty days from the file date of this order why an injunction should not issue, prohibiting further appeals by Mrs. Polyak with regard to the Tennessee real estate, the state trial, or the state appellate procedures. A copy of the proposed injunction is attached hereto as an appendix.
 
 
 9
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges
 
 ORDER
 
 10
 Upon consideration of the court, it is hereby ORDERED that Mrs. Earlene Polyak be enjoined from filing, instituting, continuing or prosecuting any civil action in this or any other federal court in this Circuit without first obtaining leave of that court.
 
 
 11
 In seeking leave to file, Mrs. Polyak shall certify that the claim or claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court. Such claims may not relate to or arise from the following: litigation originating from the partition sale of land in Tennessee inherited by Mrs. Polyak and her siblings as tenants in common, objections to fees or sanctions for which ordinary review has been exhausted, or claims against any state or federal judge, officer, or employee for actions taken in the course of their official duties exercised in connection with Mrs. Polyak's previous litigation. She shall certify that her action is taken in good faith and that the claims she raises are not frivolous or malicious.
 
 
 12
 A motion for leave to appeal must be captioned "Application Pursuant to Court Order Seeking Leave to File," and Mrs. Polyak must affix a copy of this order to that motion. Failure to comply strictly with the terms of this injunction will be grounds for summarily denying leave to file. Claims considered malicious, frivolous, or brought in bad faith may be grounds for civil contempt proceedings.
 
 
 13
 The following procedures shall govern any appeals in this court filed by Earlene Polyak until such time as the court may order otherwise.
 
 
 14
 Upon timely receipt of a complete petition for leave to appeal, the court shall direct the clerk of the appropriate lower court to transmit the full record of the underlying case. No further proceedings shall take place in this court, nor shall any other filings be accepted, until this court has reviewed the petition and the record to determine whether Polyak's appeal presents a colorable claim. This injunction applies to all appeals and other actions commenced after the date on which this order is filed.