IN THE SUPREME COURT
OF THE VIRGIN ISLANDS
**FILED**
June 09, 2026 02:50 PM
SCT-Civ-2020-0117
**DALILA E. PATTON, ESQUIRE**
**CLERK OF THE COURT**

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

|  |  |
|---|---|
| **BASIC SERVICES, INC.,** ) | **S. Ct. Civ. No. 2020-0117** |
| Appellant/Plaintiff, ) | Re: Super. Ct. Civ. No. 231/2012 (STT) |
| ) | |
| v. ) | |
| ) | |
| **GOVERNMENT OF THE VIRGIN** ) | |
| **ISLANDS,** ) | |
| Appellee/Defendant. ) | |
| _____ ) | |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas
Superior Court Judge: Hon. Denise M. Francois

Argued: June 14, 2022
Filed: June 9, 2026
Cite as: 2026 VI 13

BEFORE: **MARIA M. CABRET**, Associate Justice; **IVE ARLINGTON SWAN**, Associate Justice; and **DOUGLAS A. BRADY**, Designated Justice.[1]

APPEARANCES:

**Robert L. King, Esq.**
King & King Law, PC
St. Thomas, U.S.V.I.
*Attorney for Appellant,*

**Kenneth R. Case, Esq.**
**Michael R. Francisco, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
*Attorney for Appellee.*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

---

[1] Chief Justice Rhys. S. Hodge was recused from this matter. The Honorable Douglas A. Brady sat in his place by designation pursuant to title 4, section 24(a) of the Virgin Islands Code.

*Basic Services, Inc. v. Gov't of the V.I.*          2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 2 of 15

¶ 1     Basic Services, Inc. ("Basic") appeals from an order of the Superior Court denying its

motion for relief from the judgment[2] under Virgin Islands Rules of Civil Procedure 60(b)(2) and

(b)(6). For the reasons that follow, we affirm the Superior Court's judgment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶ 2     This case arises from a complaint for breach of contract filed by Basic against the

Government of the Virgin Islands. The factual and procedural history of this case was concisely

stated in *Basic Servs., Inc. v. Gov't of the Virgin Islands*, 71 V.I. 652 (V.I. 2019) ("*Basic I*"):

> The Virgin Islands Department of Education ("VIDOE"), through the Department
> of Property and Procurement (collectively, the "Government"), publicized a request
> for proposal to solicit technological services for schools in the St. Thomas–St. John
> District. The request for proposal made clear that a program called the E-Rate
> Program would partially fund these services. The E-Rate Program is administered
> by the Schools and Libraries Division (the "SLD") of the
> Universal Service Administrative Company ("USAC") and affords eligible schools
> and libraries assistance with payment for internet and other technological services.
>
> After submitting its proposal, Basic Services won the bidding process and, on April
> 5, 2005, the Government awarded the company a two-year contract which included
> a payment schedule under which the Government would pay for 10% of the fees
> for services rendered by Basic Services, and the E-Rate Program, through USAC,
> would pay for 90% of those costs. The contract also included a two-tier billing
> process that required the Department of Education to approve the invoices for
> the services performed by Basic Services before the company could submit them
> for payment to USAC. The agreement required the Government to pay its portion

---

[2] Designated Justice Brady retired after the Court heard this case, but he fully participated in oral arguments and the case consideration. Under 4 V.I.C. § 31(a), this Court sits in panels of three justices to hear cases, and "[a] decision is determined by a majority vote of a panel." 4 V.I.C. § 31(a); V.I.S.CT. I.O.P. Introduction § D.1. ("Pursuant to section 4 V.I.C. § 31(a), appeals to the Supreme Court shall be heard by a panel of three justices. The concurrence of any two justices is required for a decision."). Construing 28 U.S.C. § 46(c), which—like our statute—provides that a panel of three judges hears and determines a case, the Supreme Court noted the following:

> Under § 46(c), a court of appeals case may be decided by a panel of three judges, and therefore on
> such a panel two judges constitute a quorum and are able to decide an appeal—provided, of course,
> that they agree. Invoking this rule, innumerable court of appeals decisions hold that when one of the
> judges on a three-judge panel dies, retires, or resigns after an appeal is argued or is submitted for
> decision without argument, the other two judges on the panel may issue a decision if they agree.

*Yovino v. Rizo*, 586 U.S. 181, 185-86 (2019) (per curiam) (collecting cases).

*Basic Services, Inc. v. Gov't of the V.I.*     2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 3 of 15

of the invoices within 30 days of receipt. The contract also provided that the Government would:

(i) encumber sufficient funds to pay its portion of the compensation payable to contractor under this Contract;
(ii) remit payment to Contractor within thirty (30) working days of receipt of contractor's invoice for services performed under this contract; and
(iii) assist Contractor in securing payment from the SLD for services performed under this Contract, as such assistance may be requested from time to time by contractor.

In 2006, the parties amended the contract to extend the arrangement beyond the two years outlined in the original contract; all of the other terms of the original contract remained the same under the extension.

In accordance with the contract, the Government paid Basic Services…. USAC, however, did not honor its 90% obligation.

As a result of USAC's nonpayment, Basic Services sued the Government for breach of contract in a complaint filed May 8, 2012.

. . . .

On August 1, 2017, the Government moved for summary judgment, maintaining that it did not breach the contract because it paid its 10% portion of the service fees, that it approved the invoices necessary for Basic Services to receive payment from USAC, and that there was no triable issue as to those facts. Basic Services… cross-moved for summary judgment. . . .

On October 17, 2017, the Superior Court granted the Government's motion for summary judgment and denied Basic Services' cross-motion for summary judgment.

*Id.* at 655-57.

¶ 3     Basic timely appealed the Superior Court's summary judgment order on November 7, 2017. During the pendency of the first appeal, on December 27 and 28, 2017, Basic received two funding decision letters from USAC ("Decision Letters"). In the Decision Letters, USAC disclosed that, upon investigation, it determined that "a member of the vendor evaluation committee that selected Basic" was both a Department of Education employee and a part-time employee of Mr.

*Basic Services, Inc. v. Gov't of the V.I.*      2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 4 of 15

Sherwin Ray, the owner of Basic. This "conflict of interest [] compromised the competitive bidding process. Therefore, the FRN [was] denied."

¶ 4    In *Basic I*, this Court affirmed the Superior Court's grant of summary judgment in favor of the Government. *Basic*, 71 V.I. at 668. On May 3, 2018, June 17, 2019, and August 23, 2019, Basic filed motions for relief from the summary judgment order in the Superior Court under Rule 60(b)(2) and (b)(6) of the Virgin Islands Rules of Civil Procedure. Basic based these motions upon newly discovered evidence, alleging that the Decision Letters showed that the Government breached the contract terms and the covenant of good faith when it created the conflict of interest that compromised the competitive bidding process and caused USAC's nonpayment on 90% of the contract. In the alternative, Basic argued that—if the Decision Letters did not constitute newly discovered evidence—relief still was justified because of the Government's conduct. On December 10, 2020, the Superior Court denied Basic's Rule 60(b) motions for relief, and Basic timely appealed the denial on January 4, 2021.

## II.      JURISDICTION AND STANDARD OF REVIEW

¶ 5    "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." *Ledesma v. Gov't of the V.I.*, 72 V.I. 797, 803 (V.I. 2019) (quoting V.I. CODE ANN. tit. 4, § 32(a)). The Superior Court's December 10, 2020, denial of Basic's motions for relief from summary judgment under Rule 60(b) was a final order within the meaning of section 32(a) and resolved all claims in the action. *Simon v. Herbert*, 69 V.I. 963, 966 (V.I. 2018). This Court has jurisdiction.

¶ 6    In considering a motion for relief from judgment under Rule 60(b), a court must "'strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Kazi v. Colonial Pac. Leasing Corp.*, 69 V.I. 903, 909 (V.I. 2018) (citation

*Basic Services, Inc. v. Gov't of the V.I.* 2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 5 of 15

omitted); *see also Bain v. MJJ Prods., Inc.*, 751 F.3d 642, 646 (D.C. Cir. 2014) ("A district court considering a motion for relief from judgment under Rule 60(b) must 'strike a "delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of *all* the facts." '" (citations omitted)).[3] Because the trial judge "'is in the best position to discern and assess all the facts, [she] is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion.'" *Bain*, 751 F.3d at 646 (citation omitted). Consequently, we review the denial of a Rule 60(b) motion for abuse of discretion. *Suid v. Law Office of Karin A. Bentz, P.C.*, 75 V.I. 272, 276 (V.I. 2021). *See, also, e.g., Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020); *Bain*, 751 F.3d at 646. "An abuse of discretion involves a finding of clearly erroneous fact, an errant conclusion of law, or an improper application of law to fact." *Suid*, 75 V.I. at 276-77 (quoting *Shoy v. People*, 55 V.I. 919, 925 (V.I. 2011)). This Court also exercises plenary review of the Superior Court's underlying application of the law. *Simon*, 69 V.I. at 966.

## III. DISCUSSION

¶ 7     On appeal, Basic argues that the Superior Court erred by denying its motion for relief from the judgment under Virgin Islands Rule of Civil Procedure 60(b)(2) and/or (b)(6). We address each argument in turn.

### A. Rule 60(b)(2)

---

[3] As this Court has articulated:

> In this jurisdiction, motions for relief from a judgment or order are governed by Virgin Islands Rule of Civil Procedure 60. V.I. R. Civ. P. 60 is derived from Federal Rule of Civil Procedure 60, and we may look to decisions interpreting analogous federal rules as persuasive authority when applying our own rules.

*Smith v. Gov't of the Virgin Islands*, 67 V.I. 797, 802 n.3 (V.I. 2017).

*Basic Services, Inc. v. Gov't of the V.I.*     2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 6 of 15

¶ 8     Under Rule 60(b)(2), a court may relieve a party from a final judgment or order due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." V.I. R. CIV. P. 60(b)(2).

¶ 9     "'[T]he phrase newly discovered evidence refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant.'" *Walters v. Parrott*, 58 V.I. 391, 415 (V.I. 2013) (quoting *United States v. 27.93 Acres of Land*, 924 F.2d 506, 516 (3d Cir. 1991) (citation and internal punctuation marks omitted)). There are two ways evidence may be considered "newly discovered" under 60(b)(2) and *Walters*. First, the aggrieved party may show that the evidence itself was in existence at the time of the judgment. *Dessout v. Brin*, 66 V.I. 308, 313 (V.I. 2017). For example, a crucial document to a case, such as an affidavit or subsequent will, that pre-dates the judgment and was missing or lost and has now been discovered post-judgment. Second, the aggrieved party may show that the evidence "pertain[s] to facts in existence at the time of the judgment." *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 950 (7th Cir. 2019) (citation omitted). Thus, the "focus of the court's inquiry is not necessarily when the evidence itself was created, but rather whether the newly discovered evidence 'pertain[s] to facts in existence at the time of [judgment], and not to facts that have occurred subsequently.'" *Lans v. Gateway 2000, Inc.*, 110 F. Supp. 2d 1, 4 (D.D.C. 2000) (quoting *Nat'l Anti-Hunger Coal. v. Exec. Comm. of the President's Private Sector Survey on Cost Control*, 711 F.2d 1071, 1075 n.3 (D.C. Cir. 1983)), *aff'd sub nom. Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001). *See also, e.g., In re Hertz Glob. Holdings, Inc. Sec. Litig.*, 830 Fed. Appx. 393, 396 (3d Cir. 2020); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Alticor, Inc.*, 2007 WL 2733336, at *8 (6th Cir. 2007); *Chilson v. Metro. Transit Auth.*, 796 F.2d 69, 72 (5th Cir. 1986) (the facts revealed in an audit were "in existence at the time of the trial," even though audit itself was not); *Kettenbach v. Demoulas*, 901

*Basic Services, Inc. v. Gov't of the V.I.*      2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 7 of 15

F. Supp. 486, 494 (D. Mass. 1995) ("[C]ourts of appeals faced squarely with this issue have held that so long as the 'evidence pertain[s] to facts in existence at the time of trial, and not to facts that have occurred subsequently,' . . . whether the evidence itself came into existence after trial is immaterial." (internal citation omitted)); *Rosebud Sioux Tribe v. A & P Steel*, 733 F.2d 509, 515–16 (8th Cir.), *cert. denied*, 469 U.S. 1072 (1984) (an individual admitted to perjuring themselves during deposition testimony, and their post-trial admission of perjury was "newly discovered evidence" because the perjury existed at the time of trial); *Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 214 (7th Cir. 1983) (per curiam) ("Material not in existence until after trial falls within 60(b)(2) only if it pertains to facts in existence at the time of trial." (citing *Nat'l Anti-Hunger Coal.*, 711 F.2d at 1075 n.3)).[4]

¶ 10    In addition to demonstrating that evidence is newly discovered, under Rule 60(b)(2), the aggrieved party also "must show that . . . for some excusable reason the evidence was not discovered by or otherwise made known to [them]." *Dessout*, 66 V.I. at 313 (citing *Walters*, 58 V.I. at 414-15). Further, the new evidence must not be merely cumulative or impeaching, and a trial court's consideration of the new evidence must be likely to produce a different result. *See, e.g., Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020); *Minnesota Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006); *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005); *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). *Cf. Phillips v. People*, 51 V.I. 258, 281 (V.I. 2009).

    1.    Newly Discovered Evidence

---

[4] Interpretations of analogous rules by other courts may be considered persuasive authority when applying and construing our own rules. *Smith*, 67 V.I. at 802 n.3, *cited in Parris v. Nurse*, 76 V.I. 492, 500 (V.I. 2022).

*Basic Services, Inc. v. Gov't of the V.I.*     2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page **8** of **15**

¶ 11     In this case, the Superior Court found that "Basic's Rule 60(b)(2) claim for relief fails because the Decision Letters were not in existence before judgment and Basic did not exercise due diligence." Basic asserts that, although the Decision Letters were not in existence before the Superior Court's summary judgment ruling, the facts within the Decision Letters existed before the judgment, and that therefore the Decision Letters qualify as newly discovered evidence under the rule. On this issue, we agree with Basic.

¶ 12     USAC's investigation, as reported in the Decision Letters, dated December 27 and 28, 2017, concluded that

> Joseph Philbert, a V.I. DOE employee, was a member of a vendor evaluation committee that selected Basic Services, Inc as the service provider for the FRN and also had an association with the service provider. Specifically, it was determined that payments were made to Mr. Philbert by Sherwin Ray, the owner of Basic Services, Inc., during calendar years 2004-2006 when Philbert was employed on a part-time basis by Mr. Ray while also employed by V.I. DOE. FCC rules require applicants ensure an open and fair competitive bidding process . . . . The applicant must take an affirmative role in evaluating bids received and should not delegate the evaluation role to anyone associated with a service provider. In order to conduct an open and fair bidding process, the applicant should not have a relationship with a service provider prior to or during the competitive bidding process that could serve to unfairly influence the outcome of a competition. An employee of V.I. DOE engaged in a relationship with a selected service provider and also served on a vendor evaluation committee that selected the service provider, which represents a conflict of interest that compromised the competitive bidding process.

¶ 13     But before USAC wrote the Decision Letters, it had already decided to deny Basic's requests for payment. A close review of the record shows that on August 18, 2017, approximately two months before the Superior Court granted summary judgment on October 17, 2017, the VIDOE received notice from USAC of its intent to deny the funding sought by Basic for 2004-

*Basic Services, Inc. v. Gov't of the V.I.*     2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page **9** of **15**

2006.[5] However, the VIDOE did not advise Basic or its own counsel at the Department of Justice of USAC's decision to deny the funding, and Basic did not learn of the denial decision until it received the December 27 and 28, 2017 Decision Letters. Thus, although the evidence communicating the reason for the denials, namely, the Decision Letters, did not come into existence until after the Superior Court granted summary judgment, USAC had made the decision to deny the funding and sent notification of its intent to deny the funding to the VIDOE before the Superior Court granted summary judgment. Therefore, USAC's decision to deny Basic's funding was "in existence at the time of trial." *See Dessout*, 66 V.I. at 313 (quoting *Walters*, 58 V.I. at 414-15) ("[T]he aggrieved party must show that the evidence was 'in existence at the time of trial.'").

¶ 14     For reasons that are unclear on this record, after learning of USAC's intent to deny Basic's funding in August 2017, the VIDOE did not relay this information to Basic, its contractual partner, or to the DOJ but, nevertheless, "[e]vidence that was lost, hidden, or unavailable during trial c[an] qualify as 'newly discovered evidence.'" *Bain*, 751 F.3d at 647. Likewise, in *Chilson*, the Fifth Circuit ruled that an internal audit report was newly discovered evidence because even though the audit report was issued after trial, the facts revealed in the audit existed at the time of trial. *Chilson*, 796 F.2d at 72. Accordingly, we conclude that the Decision Letters qualify as newly discovered evidence under Rule 60(b)(2) as USAC's decision to deny funding existed on August 18, 2017

---

[5] In the Government's opposition to Basic's motion for relief pursuant to Rule 60(b), filed on June 18, 2018, the Government stated that:

> Upon receipt of Basic's instant motion, undersigned counsel contacted the VIDOE. On May 14, 2018, VIDOE advised DOJ that it received a "Funding Year 2004-2006 Intent to Rescind/Deny Funds Notification" from USAC dated August 18, 2017. On August 24, 2017, the VIDOE requested a 90-day extension of time from USAC to conduct its own internal investigation to address findings raised in the notice. To date, the VIDOE has not received a response from USAC to its internal audit review dated December 29, 2017.

*Basic Services, Inc. v. Gov't of the V.I.*      2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 10 of 15

before the entry of summary judgment. *See Dessout*, 66 V.I. at 312. Thus, we disagree with the Superior Court that Basic failed to assert "newly discovered evidence."

2.      Reasonable Diligence

¶ 15    Under Rule 60(b)(2), Basic must also demonstrate that it exercised reasonable diligence. The Superior Court ruled that Basic failed to exercise reasonable diligence because it did not subpoena or depose any officials from USAC and Basic failed to request a stay pending the results of USAC's investigation. The Superior Court also reasoned that Basic had the ability to uncover the problematic presence of its employee on the vendor evaluation committee through reasonable diligence. We agree that Basic failed to exercise reasonable diligence.

¶ 16    "Generally speaking, due diligence is 'such a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent person under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case.'" *Est. of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 741 (V.I. 2018) (internal citation omitted). Reasonable diligence "derives its form from both context and by comparison to other standards, such as excusable neglect." *Id.* "To demonstrate reasonable diligence, a [party] must establish[] that [it] pursued the [issue] with those qualities of attention, knowledge, intelligence and judgment." *Id.* (quoting *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012)). In the context of Rule 60(b)(2), this inquiry "looks not to what the litigant actually discovered, but what he or she *could* have discovered." *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 207 (D.D.C. 2007) (quoting 12 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.42[5] (Matthew Bender 3d ed. 2018) (emphasis in original)).

¶ 17    Thus, under the governing standard Basic had to demonstrate "'that the failure to produce the newly discovered evidence did not result from a lack of diligence in [its] part, and that the

*Basic Services, Inc. v. Gov't of the V.I.*       2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 11 of 15

evidence could not by the exercise of due diligence have been discovered in time to present it in the original proceeding.'" *Id.* (quoting *Lans*, 110 F. Supp. 2d at 5-6). Looking at the facts of this case, the question is what Basic could have done to discover USAC's reason for the investigation and ultimate denial of payment and whether Basic's inability to discover this information is due to some excusable reason. *See Int'l Ctr. for Tech. Assessment*, 468 F. Supp. 2d at 207 (citations omitted). After not receiving payment from USAC, Basic sent USAC a letter inquiring about the nonpayment of the outstanding invoices and enlisted the Government's aid in an attempt to secure USAC's promised payment.[6] In response, USAC stated that there was "no firm date [for resolution] but the matter is being actively worked on." *Basic Servs., Inc,* 71 V.I. at 665.[7]

¶ 18      Basic claims that it believed that the reason USAC had not transmitted the payment was VIDOE's untimely acceptance and submission of invoices to USAC. After Basic was unable to obtain an explanation or a deadline for USAC's decision on the payment, Basic could have endeavored to obtain information about USAC's ongoing investigation through discovery. Basic did not do so. When the Superior Court granted the Government's motion for summary judgment in 2017, Basic had served just one set of interrogatories on the VIDOE, filed two motions to extend the discovery deadline, and one motion to amend. But Basic failed to subpoena or depose a single

---

[6] On November 21, 2008, Basic mailed a letter to USAC inquiring into the status of the outstanding invoices. On December 17, 2008, USAC responded by letter and stated that it was "in the process of reviewing the documentation that was provided and will follow up should any additional documentation be necessary." On August 29, 2011, Basic sent a letter to Dr. Clinton Stapleton, the IT Director at the VIDOE Office of Instructional Technology documenting the total amount due to Basic under the contract for its services. The VIDOE was obligated by the contract to "assist Contractor in securing payment from the SLD for services performed under this Contract, as such assistance may be requested from time to time by contractor." *Basic I,* 71 V.I. at 655. In compliance, VIDOE contacted USAC via email in an attempt to learn the status of USAC's funding decision on December 28, 2011, May 8, 2012, and May 17, 2012.
[7] The Government acted as an intermediary between Basic and USAC throughout the duration of the contract, and the Government separately inquired of USAC regarding USAC's reason for non-payment. *Basic Servs., Inc.,* 71 V.I. at 655. The "[e]mail exchanges between the Government and USAC show that the Government requested that USAC state its reasons for the delay in payment, receiving assurances that USAC was 'working with the FCC to get final resolution . . . in the near future.'" *Id.* at 665.

*Basic Services, Inc. v. Gov't of the V.I.*  2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 12 of 15

witness, including any representatives from USAC. Basic took no action to learn the reasons for USAC's investigation or try to uncover any additional issues and offers no justification for its failure to depose any officials from USAC or the VIDOE Office of Instructional Technology. Had Basic deposed any officials from USAC or the Office of Instructional Technology and questioned them about the ongoing investigation, Basic may have discovered that USAC's reason for denying payment was the placement of "a former part-time employee of Basic on the bid review committee . . . creating a conflict of interest." Additionally, Basic neglected entirely to inform the Superior Court of USAC's ongoing investigation or move for a stay of the case pending the results of USAC's investigation.

¶ 19   At the core of reasonable diligence are the concepts of attention and assiduity, but Basic failed to litigate its claim with these principles. *See Est. of Skepple*, 69 V.I. at 741 (quoting *Santiago v. V.I. Hous. Auth.*, 57 V.I. 256, 273 (V.I. 2012)). Had Basic used reasonable diligence, it might easily have discovered that the reason for USAC's ongoing investigation and ultimate denial of payment was the conflict of interest. Basic's failure to diligently litigate its claim resembles the circumstances presented in *Betterbox Commc'ns, Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 332 (3d Cir. 2002), where the defendant "did not attempt to depose or subpoena anyone [and] also did not ask for a trial continuance for the purpose of obtaining evidence." The Third Circuit concluded that these failures did not demonstrate due diligence under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* Similarly, in the present case Basic did not utilize available discovery tools to determine the reason for USAC's investigation or move for a stay. Therefore, Basic failed to exercise reasonable diligence. *See also Bain*, 751 F.3d at 649 (affirming the district court's determination that a party failed to exercise reasonable diligence when it did not request intervention from the court).

*Basic Services, Inc. v. Gov't of the V.I.*          2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page 13 of 15

¶ 20     Because Basic failed to exercise reasonable diligence, our analysis ends here. Basic has failed to establish a claim for relief under Rule 60(b)(2) and we do not need to proceed to consider whether "the evidence [is] admissible and of such importance that it probably would have changed the outcome, [or] the evidence [is] merely cumulative or impeaching." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001)). *See Minnesota Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006) (concluding a party's claim under Rule 60(b)(2) failed because it did not exercise due diligence and not reaching the issue of materiality); *Zurich N. Am.*, 426 F.3d at 1290 (holding that a party failed to show newly discovered evidence or demonstrate reasonable diligence); *cf. Phillips v. People*, 51 V.I. 258, 281 (V.I. 2009) (stating that newly discovered evidence was merely cumulative and impeaching without further discussion).[8] Accordingly, we affirm the order of the Superior Court denying Basic's request for relief because Basic failed to exercise reasonable diligence under Rule 60(b)(2).

### B.     Rule 60(b)(6)

¶ 21     In addition to petitioning for relief under Rule 60(b)(2), Basic requested relief pursuant to subparagraph 6 of Rule 60(b). Rule 60(b)(6) permits the Superior Court to relieve a party from a final judgment or order for "any other reason that justifies relief." V.I. R. CIV. P. 60(b)(6). A movant must demonstrate extraordinary and special circumstances to justify relief under the "catch-all" provision of Rule 60(b)(6). *Hodge v. McGowan*, 50 V.I. 296, 309 n.8 (V.I. 2008). *See*

---

[8] The Superior Court concluded that the Decision Letters could not be newly discovered evidence because even though they reported the conflict of interest in the vendor evaluation committee that occurred years earlier, the conclusion of USAC's investigation and resulting denial of payment based upon that conflict only occurred after its summary judgment ruling and that Basic failed to exercise diligence in discovering the evidence; consequently, it did not reach the third and fourth elements of the standard for relief, that is, the evidence is not cumulative and it likely would produce a different result.

*Basic Services, Inc. v. Gov't of the V.I.*     2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page **14** of **15**

*Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *see also Ruiz v. Jung*, S. Ct. Civ. 2008-035, 2009 WL 3568182, at *5 (V.I. Oct. 19, 2009) (unpublished); *Lucan Corp. v. Robert L. Merwin & Co.*, S. Ct. Civ. No. 2007-15, 2008 WL 901492, at *2 (V.I. Jan. 7, 2008) (unpublished). The "[r]ule does not particularize the factors that justify relief[;] . . . it "provides courts with authority 'adequate to vacate judgments whenever such action is appropriate to accomplish justice[.]'" *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863–64 (1988) (quoting *Klapprott v. United States*, 335 U.S. 601, 615 (1949)). Indeed, Rule 60(b)(6) has been eloquently described as a "'grand reservoir of equitable power to do justice in a particular case.'" *Johnson*, 950 F.3d at 700–01 (quoting *Kile v. United States*, 915 F.3d 682, 687 (10th Cir. 2019) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996))); *Martinez-McBean v. Gov't of the V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) (quoting 7 MOORE'S FEDERAL PRACTICE ¶ 60.27[2] at 375 (2d ed. 1975)).

¶ 22    However, this "reservoir of equitable power" conferred by the subsection is not unlimited. "As a leading treatise on federal civil practice puts it, 'much authority' establishes that 'clause (6) and the first five clauses [of Rule 60(b)] are mutually exclusive' and that 'relief cannot be had under clause (6) if it would have been available under the earlier clauses.'" *Mills v. Comm'r*, 102 F.4th 1235, 1241 (11th Cir. 2024) (quoting 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2864 (3d ed. Apr. 2023)). As the Supreme Court of the United States recently stated, "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs." *BLOM Bank SAL v. Honickman*, 605 U.S. ___, 145 S.Ct. 1612, 1619 (2025). If Rule 60(b)(6) did otherwise, "the catchall provision could swallow the preceding paragraphs and 'b[e] used to circumvent' their time bars." *Id.* (quoting *Liljeberg*, 486 U.S. at 863 n. 11). Because Basic's motion for relief is based upon grounds specified in Rule

*Basic Services, Inc. v. Gov't of the V.I.*      2026 VI 13
S. Ct. Civ. No. 2020-0117
Opinion of the Court
Page **15** of **15**

60(b)(2), there are no extraordinary circumstances upon which relief is available under Rule 60(b)(6). Therefore, the Superior Court did not err in denying Basic's motion for relief under Rule 60(b)(6).

## IV.      CONCLUSION

¶ 23     Under Rule 60(b)(2), the Decision Letters are newly discovered evidence, as they contain facts in existence at the time of the judgment. However, Basic failed to exercise reasonable diligence to determine USAC's reason for non-payment, and its claims under Rule 60(b)(2) therefore fail. Basic's argument under Rule 60(b)(6) also fails because it reiterates the same arguments that it advanced under Rule 60(b)(2), and Rule 60(b)(6) provides only grounds for relief that are not already covered by Rule 60(b)(1)–(5). Therefore, the Superior Court was correct in denying Basic's motion for relief pursuant to Rule 60(b)(2) and (6), and we affirm the judgment of the Superior Court.

**Dated this 9th day of June, 2026.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

**ATTEST:**

**DALILA E. PATTON, ESQ.**
**Clerk of the Court**

By: _____
**Deputy Clerk II**

Dated: ___6-9-2026___